FILED

**NOT FOR PUBLICATION**

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELI JIMENEZ, | No. 15-72805 |
| Petitioner, | Agency No. A205-319-843 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Eli Jimenez ("Jimenez"), a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal under the Immigration and Nationality Act ("INA"), and protection

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

Whether a group constitutes a "particular social group" is a question of law that we review *de novo*, *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010), but we defer to the BIA's interpretation of governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016).

Jimenez does not challenge the agency's dispositive finding that he is ineligible for asylum because he did not meet the one-year filing deadline.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not err in finding that Jimenez has not established membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)). Jimenez has not established that persons returning to Mexico from the United States who have assimilated to the culture would be perceived by society as a particular social group.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (returnees from the United States to

2

Mexico is not a particular social group). Jimenez also has not established that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Jimenez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief. The record does not compel the conclusion that Jimenez is "more likely than not" to be tortured by or with the consent or acquiescence of the government if he returns to Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Thus, Jimenez's CAT claim also fails.

We reject as unsupported by the record Jimenez's contention that the agency incorrectly considered his case.

**PETITION FOR REVIEW DENIED.**